[Cite as *State v. Johnson*, 2026-Ohio-2972.]

STATE OF OHIO      )
      )ss:
COUNTY OF WAYNE    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO

    Appellee

v.

NATHANIEL JOHNSON

    Appellant

C.A. Nos.     25AP0050
            25AP0056

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE Nos.   2022-CRC-000144
          2022-CRC-000207

DECISION AND JOURNAL ENTRY

Dated: August 3, 2026

HENSAL, Presiding Judge.

{¶1} Appellant, Nathaniel Johnson, appeals the judgment of the Wayne County Court of Common Pleas denying his petition for post-conviction relief. This Court reverses and remands.

I.

{¶2} The instant appeal stems from the trial court's denial of a petition for post-conviction relief that related to two separate criminal cases where Mr. Johnson was convicted of felonies in 2023.

{¶3} In Case No. 22CRC-I0144, Mr. Johnson pleaded guilty to six counts of rape. The trial court imposed a sentence of 25 years to life in prison. Mr. Johnson filed a direct appeal wherein he raised challenges to his plea and sentence. During the pendency of the appeal, Mr. Johnson filed a motion to withdraw his guilty pleas. This Court remanded the matter and the trial court denied the motion after a hearing. Mr. Johnson appealed from the order denying his motion.

This Court subsequently issued a decision affirming both the judgment of conviction as well as the trial court's denial of Mr. Johnson's motion to withdraw his pleas. *State v. Johnson*, 2025-Ohio-2719, ¶ 1, 17 (9th Dist.) ("*Johnson I*").

{¶4} In Case No. 22CRC-I0207, Mr. Johnson pleaded no contest to one count of having weapons while under disability, along with an attendant forfeiture specification. The trial court found Johnson guilty and imposed a 12-month prison sentence. The trial court also ordered the forfeiture of a handgun.

{¶5} Prior to this Court's decision in *Johnson I*, Mr. Johnson filed a petition for post-conviction relief in Case No. 22CRC-I0144 and Case No. 22CRC-I0207. Mr. Johnson argued that he had obtained new evidence demonstrating that trial counsel rendered ineffective assistance of counsel. After this Court decided *Johnson I*, the trial court issued a journal entry denying the petition for post-conviction relief on the basis that this Court's decision rendered Mr. Johnson's ineffective assistance claim moot.[1]

{¶6} On appeal, Mr. Johnson raises two assignments of error.

II.

ASSIGNMENT OF ERROR I

DID THE TRIAL COURT ABUSE ITS DISCRETION BY NOT HOLDING AN EVIDENTIARY HEARING TO CONSIDER EVIDENCE THAT WAS NOT CONTAINED IN THE TRIAL RECORD?

ASSIGNMENT OF ERROR II

---

[1] In its journal entry denying the petition, the trial court noted that Mr. Johnson mistakenly cited Revised Code Section 2953.21(C), which pertains to defendants who are sentenced to death, in support of his petition. Notably, however, the trial court ultimately denied the petition on the basis that Mr. Johnson's ineffective assistance claim was moot.

TRIAL COURT FACTS, FINDINGS AND CONCLUSIONS OF LAW ARE INADEQUATE UNDER [REVISED CODE SECTION 2953.21(H)] AND STATE EX REL. PENLAND v. DINKELACKER, 162 OHIO ST.3d 59[.]

{¶7} In his first assignment of error, Mr. Johnson argues that the trial court erred by failing to hold a hearing regarding the evidentiary materials that he attached in support of his petition for post-conviction relief. In his second assignment of error, Mr. Johnson argues that the trial court failed to make the required findings in its order denying the petition.

{¶8} A review of the record reveals that, in support of his petition for post-conviction relief, Mr. Johnson argued that trial counsel rendered ineffective assistance by failing to disclose discovery materials that would have been pertinent to his defense. As noted above, Mr. Johnson's petition pertained to both Case No. 22CRC-I0144 and Case No. 22CRC-I0207. Mr. Johnson attached numerous exhibits in support of his claim.

{¶9} In its journal entry denying the petition, the trial court noted that it "deferred action" on the petition while Mr. Johnson's appeal remained pending. This deferral is contrary to the trial court's concurrent jurisdiction to consider a petition while an appeal is pending and the requirement that the trial court rule on the petition within 180 days of its filing. *See* R.C. 2953.21(D), Crim.R. 35(C), and App.R. 6. The trial court ultimately determined that the issues Mr. Johnson raised in his petition were moot in light of this Court's decision in *Johnson I*. The trial court found that this Court "specifically [found] no merit in Defendant's allegations of ineffective assistance of counsel, in its opinion [resolving Mr. Johnson's] first assignment of error." An appellate court's decision would only result in a petition being moot if the appellate court reversed, vacated, or modified the judgment of conviction. App.R. 6(B). A decision that affirms the judgment of conviction could result in a petition being barred by res judicata if the

petition is based on evidence that appears on the record. *State v. Perry*, 10 Ohio St.2d 175, 179-180 (1967).

{¶10} We are compelled to reverse the trial court's order denying Mr. Johnson's petition. As an initial matter, this Court is mindful that Mr. Johnson's petition was filed on July 19, 2024, and related to both Case No. 22CRC-I0144 and Case No. 22CRC-I0207. The trial court never made a threshold determination regarding whether there were timeliness concerns that impacted its authority to entertain the petition under Revised Code Sections 2953.21(A)(2)(a) and 2953.23(A)(1). Moreover, to the extent that the trial court concluded that this Court's decision in *Johnson I* rendered the issues raised in Mr. Johnson's petition moot, we note that *Johnson I* was an appeal solely from Case No. 22CRC-I0144, and did not pertain to Case No 22CRC-I0207. Finally, the trial court did not address the contents of the exhibits attached to Mr. Johnson's petition in order to make a determination regarding whether those exhibits constituted new evidence that was not previously available to Mr. Johnson. Under these circumstances, this matter must be reversed and remanded for the trial court to determine these issues in the first instance.

{¶11} Mr. Johnson's first and second assignments of error are sustained to the extent discussed above.

### III.

{¶12} Mr. Johnson's first and second assignments of error are sustained to the extent discussed above. The judgment of the Wayne County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

NATHANIEL JOHNSON, pro se, Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and MICHAEL J. DEFIBAUGH, Assistant Prosecuting Attorney, for Appellee.